UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY WILLIAMS,

        Plaintiff,

v.                                         Civil Case No. 15-13840
                                         Honorable Linda V. Parker

OCWEN LOAN SERVICING,
LLC et al.,

        Defendants.
_____/

**OPINION AND ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 13] AND (2) DENYING AS MOOT DEFENDANT'S MOTION FOR SANCTIONS [ECF NO. 19.]**

## I.     INTRODUCTION

Plaintiff Kelly Williams ("Plaintiff") filed this lawsuit against Defendant Selene Finance LP ("Defendant") out of a dispute arising from a mortgage foreclosure.[1] Plaintiff filed the First Amended Complaint on January 27, 2016, alleging that Defendant violated his rights under the Michigan Anti-Lockout Statute, common law conversion, statutory conversion, and unjust enrichment. (ECF No. 10.) Defendant filed a motion to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7) on February 10, 2016. (ECF No. 13.) Approximately one month later, Defendant also filed a

---

[1] Plaintiff also filed the complaint against Ocwen Loan Serving, LLC. This claim was dismissed on December 8, 2015. (ECF No. 6.)

1

motion for sanctions pursuant to Federal Rule of Civil Procedure 11(b) and (c). (ECF No. 19.)

Presently before the Court is the Defendant's motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 9) and Defendant's motion to sanction Plaintiff's counsel (ECF No. 19). The motions have been fully briefed. Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f) on September 17, 2016. For the reasons that follow, the Court is granting Defendant's motion to dismiss for failure to state a claim and denying Defendant's motion for sanctions as moot.

## II.   STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007).  A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id*. (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668.  Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

Ordinarily, the court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss. *Weiner v. Klais & Co., Inc.*, 108 F.3d

86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). A court that considers such matters must first convert the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P 12(d). However, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Thus, a court may take judicial notice of "other court proceedings" without converting a motion to dismiss into a motion for summary judgment. *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget v. J.P. Morgan Chase Bank, N.A.*, 537 F.3d 565, 575 (6th Cir. 2008)).

### B. **Federal Rule of Civil Procedure 12(b)(7)**

Federal Rule of Civil Procedure 12(b)(7) authorizes a court to dismiss a complaint if the pleading fails to join an obligatory party pursuant to Rule 19. Thus, the question of joinder and dismissal under Rule 19 requires a court to initially determine if the absent parties are required under the law, and, thereafter, inquire as to "whether, in their absence, equity and good conscience require the case to be dismissed. If the answer to either question is no, then Rule 19 does not

4

foreclose this litigation." *School Dist. of City of Pontiac v. Sec'y of U.S. Dept. Of Educ.*, 584 F.3d 253, 265 (6th Cir. 2009) (en banc).

### C. Federal Rule of Civil Procedure 11(b) and (c)

Federal Rule of Civil Procedure 11 permits sanctions if "a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Merritt v. Int'l Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010) (quoting *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1988)).

## III. BACKGROUND

Plaintiff filed a complaint against Defendant on October 30, 2015 (ECF No. 1) and submitted the First Amended Complaint on January 27, 2016 (ECF No. 10). Plaintiff resided at 2440 Paramenter Boulevard, Unit 112 in Royal Oak, Michigan during the relevant time period. (ECF No. 10 at Pg ID 92.) Plaintiff's home was subject to foreclosure and on January 20, 2015, his home was sold. (*Id.*; *see also* ECF No. 13 at Pg ID 159.)

On March 20, 2015, a representative of Re/Max Metropolitan ("Re/Max"), who is not a party to this suit, changed the locks at Plaintiff's property. (ECF No. 10 at Pg ID 92-93.) The representative left Plaintiff a note, stating "[p]er bank's

5

instructions, we rekeyed the condo so that we could verify occupancy. Please contact me to get access." (*Id.* at Pg ID 94.)

Upon arriving at his home, Plaintiff called the representative over 20 times in a two-hour period to gain access to his home. (*Id.* at Pg ID 94-95.) The representative arrived and allowed the Plaintiff to enter his home. (*Id.* at Pg ID 95.) In total, Plaintiff was locked out of his home for two hours. (*Id.*)

Shortly after entering his home, Plaintiff states that some of his personal property had been removed during the process of changing the locks. (ECF No. 18 at Pg ID 221.) Plaintiff alleges that Defendant is responsible for the loss of property through its relationship with Re/Max. Plaintiff alleges that Re/Max is an agent of Defendant and was following Defendant's instructions when the representative arrived at Plaintiff's home. (ECF No. 10 at Pg ID 92-93.)

Because Re/Max is allegedly an agent of Defendant and was acting on Defendant's instructions, Plaintiff alleges that Defendant is liable for both preventing him from entering his home for two hours and for the loss of personal items valued at $4,250. (ECF No. 10 at Pg ID 95.) Defendant, however, argues that Plaintiff fails to state a claim under the Michigan Anti-Lockout Statute, common law conversion, statutory conversion, and unjust enrichment. (ECF No. 13.) Further, Defendant argues that Plaintiff failed to include the necessary parties in the First Amended Complaint. Defendant argues that both Re/Max and

6

Lakeside Building Services, Inc. ("Lakeside") are necessary parties because both were involved in the rekeying of Plaintiff's home. (*Id.* at Pg ID 161.)

### IV. ANALYSIS

#### A. Motion To Dismiss Under Rule 12(b)(6)

##### 1. Anti-Lockout Claim

Defendant argues that Plaintiff has filed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff's First Amended Complaint states that Defendant violated Section 1 of Michigan's Anti-Lockout Statute by allowing its agent Re/Max to change the locks at Plaintiff's property. M.C.L. § 600.2918(1). Plaintiff alleges Defendant violated the Michigan Anti-Lockout Statute by authorizing Re/Max to lock Plaintiff out of his home for two hours. (ECF No. 10 at Pg ID 93-94.) Plaintiff further alleges that Re/Max removed his personal property in violation of the statute. (*Id.*)

Section 600.2918(1) provides:

> (1) Any person who is ejected or put out of any lands or tenements in a forcible and unlawful manner, or being out is afterwards held and kept out, by force, is entitled to recover 3 times the amount of his or her actual damages or $200.00, whichever is greater, in addition to recovering possession.

The case law in this area establishes that to sustain a claim under § 600.2918(1):

> the entry or the detainer must be riotous, or personal violence must be used or in some way threatened, or the conduct of the parties guilty of

7

>the entry or detainer must be such as in some way to inspire terror or alarm in the persons evicted or kept out-in other words, the force contemplated by the statute is not merely the force used against, or upon, the property, but force used or threatened against persons, as a means, or for the purpose, of expelling or keeping out the prior possessor.

*Martorana v. Fed. Nat'l Mortg Ass'n*, No. 11-10312, 2012 WL 124930 at *6 (E.D. Mich. Jan. 17, 2012) (quoting *Patterson v. Dombrowski*, 60 N.W.2d 456, 458-59 (Mich. 1953)).

In this case, Plaintiff has failed to allege any force against persons, but only force against the property itself. The pleadings also suggest that Plaintiff was not present when Re/Max changed the locks. In *Martorana*, this court granted dismissal of a § 600.2918(1) claim because "there is no claim of actual or threatened force or violence towards Plaintiff when his possessions were removed from the…property or during the time he and his adult children lived at that property." *Martorana*, 2012 WL 124930 at *6; *see also Montgomery v. Freddie Mac*, No. 10-11729, 2012 WL 6049085, at *3 (E.D. Mich. Aug. 31, 2012), *adopted sub. nom. Montgomery v. CitiMortgage, Inc.*, 2012 WL 6047236 (E.D. Mich. Dec. 5, 2012) (finding that a lock-out performed on property when no one was home did not violate § 600.2918(1)). Therefore, Plaintiff cannot state a claim under § 600.2918(1).

8

**2. Conversion**

In the amended complaint, Plaintiff asserts common law and statutory conversion claims. The first is established by showing "any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." *Foremost Ins. Co. v. Allstate Ins. Co.*, 486 N.W.2d 600, 606 (Mich. 1992). "Conversion may occur when a party properly in possession of property uses it in an improper way, for an improper purpose, or by delivering it without authorization to a third party." *Dep't of Agric. v. Appletree Mktg. LLC*, 779 N.W.2d 237, 244-45 (Mich. 2010).

> Michigan's conversion statute provides:
>
> (1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorneys' fees:
>
> (a) Another person's stealing or embezzling property or converting property to the other person's own use.
>
> (b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled or converted.

Mich. Comp. Laws § 600.2919a. In order to prevail on a claim for statutory conversion, a plaintiff must satisfy the elements of a common law conversion claim, as well as demonstrate that the defendant had "actual knowledge" of the converting activity. *See Echelon Homes, LLC v. Carter Lumber Co.*, 694 N.W.2d

544, 547-49 (Mich. 2005) (holding that under Michigan's conversion statute, "constructive knowledge is not sufficient; a defendant must know that the property was stolen, embezzled, or converted.").

Plaintiff alleges that Defendant converted Plaintiff's "real $95,000 property to their own use by changing the locks on the premises, thereby locking Plaintiff out of the premises." (ECF No. 10 at Pg ID 96.) As Defendants stated in their motion for sanctions, real property cannot be converted. *Collins v. Wickersham*, 862 F. Supp. 2d 649, 656 (E.D. Mich. 2012); *see also Head v. Phillips Camper Sales & Rentals, Inc.*, 234 Mich. App. 94, 111 (1999); *Foremost Ins. Co. v. Allstate Ins. Co.*, 486 N.W.2d at 606. Therefore, the claim for common law conversion and statutory conversion fail as a matter of law with respect to Plaintiff's real property.

Plaintiff also alleges that Defendant unlawfully converted Plaintiff's personal property amounting to $4,250. (ECF No. 10 at Pg ID 96-97.) Defendant argues that Plaintiff's allegations do not indicate that representatives of Defendant entered the property, touched, or removed Plaintiff's personal property. (ECF No. 13 at Pg ID 170-71.)

Plaintiff has failed to plead a claim for common law conversion and statutory conversion for his personal property. To succeed on a common law conversion claim, Plaintiff was required to state that Defendant used his personal

items "in an improper way, for an improper purpose, or by delivering it without authorization to a third party." *Dep't of Agric.*, 779 N.W.2d at 244-45. Plaintiff's allegations fail to mention any improper use of his personal items by Defendant. Rather, Plaintiff's allegations regarding the loss of his personal property merely state that "Plaintiff suffered actual damages in the amount of $4,250 for the conversion of his personal property." (ECF No. 10 at Pg ID 97.) Plaintiff has not alleged any improper use by Defendant of his personal items.

Plaintiff's statutory conversion claim also fails because Plaintiff has made no allegation that "show[s] that the defendant employed the converted property for some purpose personal to the defendant's interests." *Aroma Wines & Equip, Inc. v. Columbian Distribution Servs, Inc.*, 871 N.W.2d 136, 148 (Mich. 2015); *see also Sutter v. Ocwen Loan Servicing, LLC*, No. 320704, 2016 WL 3003346 at *4 (Mich. App. May 24, 2016) (finding that plaintiffs failed to include sufficient allegations in complaint for statutory conversion claim where "plaintiffs did not assert that defendant employed [plaintiffs' personal property] for some purpose personal to defendant's interests").[2]

---

[2] An interview with a realtor for Re/Max included in the police report provided as an exhibit by both parties indicates that Re/Max instructed Lakeside to rekey Plaintiff's residence. (ECF No. 19-2 at Pg ID 307.) Re/Max and Lakeside also spoke while Lakeside was at Plaintiff's residence. (*Id.*) There is no indication in the pleadings that Defendant was involved in this conversation.

Accordingly, Plaintiff has failed to state a legally cognizable claim for common law conversion and statutory conversion pursuant to Federal Rule 12(b)(6).

### 3. Unjust Enrichment

An unjust enrichment claim under Michigan law requires proof of the following: "(1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to [the] plaintiff because of the retention of the benefit by the defendant." *Erickson's Flooring & Supply Co. v. Tembec, USA, LLC*, 212 F. App'x 558, 564 (6th Cir. 2007) (quoting *Barber v. SMH (US), Inc.*, 509 N.W.2d 791, 796 (Mich. Ct. App. 1993)).

Plaintiff alleges that Defendant was unjustly enriched by (1) instructing an agent to rekey his home and (2) retaining Plaintiff's personal items. (ECF No. 10 at Pg ID 98-99.) Both of these allegations are unsupported by facts in the pleadings. Further, Plaintiff has failed to state what benefit Defendant could have received by locking Plaintiff out of his home for two hours. (ECF No. 10 at 95.) Plaintiff has failed to satisfy the first prong of this rule as discussed above. Accordingly, Plaintiff fails to state a claim for unjust enrichment pursuant to Rule 12(b)(6).

### B. Motion To Dismiss Under Rule 12(b0(7)

In the alternative, Defendant requests that the court dismiss the claim pursuant to Federal Rule of Civil Procedure 12(b)(7) because Defendant alleges that Re/Max and Lakeside are necessary parties to this action. (ECF No. 13 at Pg ID 167.) Further, Defendant argues that joinder is impossible because it would eliminate complete diversity. (*Id.*) Because this Court has denied the First Amended Complaint pursuant to Rule 12(b)(6), it need not evaluate the merits of this claim.

## C. Motion For Sanctions Under Rule 11(b) and (c)

The remaining pending motion is Defendant's motion to sanction counsel for the Plaintiff because Plaintiff's claims "are not supported by existing law and/or are the factual contentions lack evidentiary support. The First Amended Complaint is also not legally supportable because it fails to name necessary parties." (ECF No. 19 at Pg ID 271.)

Because Defendant's motion to dismiss has been granted, the motion for sanctions is denied as moot.

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 13) is **GRANTED;**

13

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions (ECF No. 19) is **DENIED AS MOOT**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 27, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 27, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager
